**Frank W. CASS and Robert W. Strauss,**
**Appellants,**

**v.**

**The YOUNGSTOWN SHEET AND TUBE**
**COMPANY, Appellee.**

**No. 20592.**

United States Court of Appeals
Fifth Circuit.

March 20, 1964.

Rehearing Denied May 11, 1964.

William Vandercreek, William L. Richards, Dallas, Tex., for appellants.

John L. Roach, Dallas, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and GEWIN, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants assert that the district court erred in denying Cass the right to discovery under Rule 33, F.R.Civ.P., pursuant to his motion under Rule 60 (b) F.R.Civ.P. to set aside a final judgment because of fraud.

Appellant Cass and Robert B. Payne, d/b/a Thunderbird Drilling Company, a partnership, became indebted to Youngstown. Cass and Payne argued, Cass sued Payne in the District Court of Dallas County, Texas, and Robert S. Strauss was appointed receiver of Thunderbird. Youngstown filed suit in the United States District Court for the Northern District of Texas against Cass, Payne, Thunderbird, Strauss and other

persons asserting liens against the property which was subject to the lien of Youngstown.

An interpleader suit was filed in the United States District Court for the Northern District of Oklahoma by Phillips Petroleum Company, who produced oil from the property in question. This action was transferred to the Northern District of Texas, where Youngstown had filed its suit and was consolidated with that suit.

Phillips paid $89,624.52 into the registry of the court. A compromise was effected between Youngstown and Cass with respect to the debt alleged owing. The State court authorized Receiver Strauss to settle with Youngstown both the debt claim and the actions pending in the United States District Court for the Northern District of Texas.

At the hearing on the application of Strauss, Receiver, the United States District Court ordered the $83,242.05 which the State Court had ordered paid to Youngstown in settlement of its claim, so paid. No appeal was taken from this judgment, and six months later appellants filed a motion for rehearing to have set aside the judgment of the District Court denying the 60(b) motion on the ground of fraud.

The fraud claim contained no allegations of fact constituting fraud but merely an allegation that the debt that was compromised was not, as to a part of it, due.

Cass's Rule 60(b) motion and his companion motion under Rule 33 for discovery were both denied on the grounds that "This whole proceeding seems to go into that which is too remote and without sufficient grounds to justify a rehearing". A second motion, joined in by the receiver, was then made. This motion was in the form of a motion for new trial based on the court's denial of the Rule 60(b) and Rule 33 motions. This motion was denied on the ground that no ground for relief was stated, that if there was any error in the earlier court judgment, it was not made in the federal court but rather in the state court, that is that the judgment of the federal court was based upon an order of settlement issued by and out of the state court, and the errors, if any, occurred not in the federal court but in the state court, and the motion under Rule 60(b) was in effect a collateral attack upon a state court order.

We think it clear that the motions were properly denied and that appellants are entitled to no relief from the order denying them. Appellant Cass merely asserted that he had some proof that the alleged debt was in part paid, and that appellee knew of this when it obtained the order in the state court for settlement of the debt. This is not an allegation of fraud in obtaining the federal court judgment, particularly since the alleged debt was in part paid, appellee knew of this when the debt was settled, and the alleged debt was greatly in excess of the amount of the settlement.

The relief from the orders appealed from is denied, and the orders are affirmed.